**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**IN RE: PROFESSIONAL DELIVERY SYSTEMS, INC.,**
Chapter 11 Debtor

Case No. 06-31152-DOT

**PROFESSIONAL DELIVERY SYSTEMS, INC.,**
Plaintiff
v.

**PENSKE TRUCK LEASING CORP.,**
Defendant

Adversary Proceeding No. 06-03102-DOT

**MEMORANDUM OPINION AND ORDER**

Hearing was held November 7, 2006, on defendant Penske Truck Leasing Corp.'s motion to vacate default judgment. For reasons given below, the motion will be granted and the default judgment vacated.

Findings of Fact

On May 31, 2006, counsel for plaintiff Professional Delivery Systems, Inc., (PDS) sent a demand letter to defendant Penske, seeking return of preference payments totaling $57,852.84. Penske's in-house counsel received the demand letter by June 11, 2006, but did not immediately respond. On June 15, 2006, having received no response, PDS by its counsel filed a complaint for recovery of the preferences from Penske pursuant to 11 U.S.C. §§ 547 and 550. The complaint was served on June 19, 2006, and received by Penske on June 21, 2006. Penske failed to file an answer to the complaint, which was due July 17, 2006.

On June 28, 2006, Penske's in-house counsel, having received a summons and service of PDS's complaint, sent a letter to counsel for PDS. The letter denied that Penske had received

preferential payments from PDS and detailed new-value and ordinary course of business defenses to the claim. The letter did not reference the pending adversary proceeding, nor did it indicate that Penske was aware of the complaint. Although Penske's counsel's letter did not formally request a response from PDS, it stated "please let me know if you would like to discuss this matter further or if you would like any additional information with respect to our position." Counsel for PDS took no action in response to this letter.[1]

On August 11, 2006, PDS filed a motion for entry of default, attaching the required affidavit. This motion was not served upon Penske, nor was it sent to Penske's in-house counsel who had written the June 28 letter. PDS counsel's affidavit stated that "Plaintiff has not received any responsive pleading or other document from Defendant." The court entered default on August 14, 2006. On August 30, 2006, the debtor filed a motion for entry of default judgment, and amended it on September 8, 2006, to correct a deficiency. Neither of these motions or notices were served upon Penske. On September 13, 2006, hearing was held on the debtor's motion for entry of default judgment, and only counsel for PDS was present. The court entered default judgment on September 29, 2006, docketing the order on October 2, 2006. The docket entry does not indicate that a copy of the order was sent to Penske.

On October 4, 2006, Penske's in-house counsel, who was unaware of the entry of default judgment, called and left a message for counsel for PDS. Counsel for PDS did not respond by telephone, and instead on October 11 sent a letter accompanied by a copy of the court's judgment order of October 2. Penske's counsel received this letter after expiration of the 10-day period to file an appeal or motion to reconsider.

[1] At hearing, counsel for PDS stated that he considered the in-house counsel's letter a belated response to the demand letter rather than a response to the complaint and that he expected a call or answer from a local attorney in response to the complaint.

Discussion and Conclusions of Law.

A review of the surrounding facts demonstrates that actions of counsel for both parties contributed to the defendant's failure to timely enter an appearance in the case.

According to the affidavit of Penske's in-house counsel, she had received the plaintiff's summons and complaint on June 21, 2006. Inexplicably, her letter of June 28 failed to acknowledge the existence of the adversary proceeding. This entire controversy would likely have been avoided had counsel indicated that her letter was intended as a response to the complaint. Second, upon receiving the complaint and recognizing that her June 28 letter had not been responded to, counsel should have filed a timely formal answer with the court. These actions represent the most basic forms of communication expected of attorneys, and barring other considerations, this form of neglect would not be excusable.

On the other hand, counsel for PDS ignored the Penske counsel's letter at every remaining stage in the proceedings. While it may have been reasonable for him to expect a formal response to the complaint, under the ambiguous circumstances counsel should not have proceeded in total disregard of the receipt of any response. PDS counsel's affidavit with the motion for entry of default stated in part that he had not received any "other document" from defendant. In signing such a statement, counsel for PDS should have been given pause by the June 28 letter, even though it had not been followed up by a formal answer. The prudent action for PDS counsel at this point would have been to consider again whether the June 28 letter had been intended as an answer, and at a minimum, the motion for entry of default should have been served upon Penske's counsel. Instead, counsel for PDS did not address the letter in any way.

Although not required by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, this court has, in practice, consistently required that a plaintiff seeking a default judgment in an adversary proceeding serve notice of motion for default judgment upon the defendant. This notice is in addition to the initial service of the complaint upon the defendant. This requirement grows out of the court's responsibility as a court of equity, and the second opportunity for notice ensures that default judgments are granted only where appropriate. Additionally, the court has usually preferred to resolve motions to vacate default judgment in favor of allowing an adversary proceeding to go forward on the merits. See *Holman v. First Union*, 2002 Bankr. LEXIS 1904 (Bankr. E.D. Va.).[2] In this case, neither the motion for entry of default filed on August 11, 2006, nor the motion for default judgment filed on September 8, 2006, was served upon the defendant. Additionally, it appears that the judgment order itself was not sent to the defendant until after the appeal period had expired.

Considering all the circumstances described above, including plaintiff's failure to follow the court's default noticing practices, the court will exercise discretion to vacate plaintiff's default judgment. The court does not consider that either counsel intentionally sought to mislead the other. It is simply that both parties' actions taken as a whole warrant the court's intervention and use of equitable powers to allow this adversary proceeding to be resolved on the merits. Accordingly,

**IT IS ORDERED** that the motion to vacate default judgment is GRANTED, and the default judgment order entered October 2, 2006, is vacated; and

**IT IS FURTHER ORDERED** that Penske may file an answer to the complaint within

[2] Holding that the decision on a default judgment rests in the discretion of the court. The rules for setting aside defaults are to be liberally construed to provide relief to the defaulting party, and doubt on the issue should be resolved in favor of allowing a case to proceed on the merits. *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (citing *Hutton v. Fisher*, 359 F.2d 913, 916 (3d Cir. 1966); see also *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987).

30 days of the entry of this order.

SIGNED:

Dec 11 2006

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:

Entered on Docket: Dec 11 2006

David K. Spiro, Esquire
Kevin J. Funk, Esquire
Cantor Arkema, P.C.
P.O. Box 561
Richmond, Virginia 23218-0561
*Counsel for Plaintiff/Debtor-in-Possession*

Roy M. Terry, Esquire
Douglas Scott, Esquire
John C. Smith, Esquire
DurretteBradshaw, P.C.
600 East Main Street, 20th Floor
Richmond, Virginia 23219
*Lead Counsel for Defendant*
and
Andrew J. Flame, Esquire
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, Delaware 19801
*Counsel for Defendant*

Robert Van Arsdale, Esquire
Office of the United States Trustee
600 East Main Street, Suite 301
Richmond, Virginia 23219
*Assistant United States Trustee*

<Defendant 1>

<Defendant n>